### H. R. CULBERTSON *v.* ALLEN PRICHARD.

**Costs in Contested Elections.**
>   No judicial power is vested in the legislature, and it cannot there-
>   fore render a judgment for costs in a contested election, but the legis-
>   lature or board may adjudge the costs against the unsuccessful party,
>   and the statement, when certified, will authorize the circuit or county
>   court to render judgment for the costs. The certificate is evidence only.

### APPEAL FROM BOYD CIRCUIT COURT.

October 23, 1877.

OPINION BY JUDGE PRYOR:

It is true, as maintained by counsel for the appellant, that no judicial power is or can be vested in the legislature, and if the adjudica-

tion or declaration by the legislature that the appellee should pay the costs of the contested elections, or that they could be collected by an execution, or otherwise enforced as in a regular judicial proceeding, the act in question would be in violation of the Constitution. Such, however, was not the intention of the legislature. It is proper that the unsuccessful party in such cases should pay the costs; and in order to fix the liability and to furnish the evidence upon which a judgment can be rendered for the costs in a judicial proceeding, the legislature or election board is required to adjudge the costs against the unsuccessful party. This statement, with the certificate of the board or clerk, authorized the circuit or county court to render a judgment for the costs. This certificate is made the evidence necessary to maintain the action, and is indispensable.

It frequently happens in such bodies that the costs, by reason of legislative action, are paid out of the treasury, and therefore the necessity of fixing the liability in the manner pointed out by the statute. What reasons induced the passage of the law is immaterial in the present controversy. It is a statutory right as well as remedy, and the statute must be followed.

Judgment below *affirmed.*

*R. C. Barnes, for appellant.*

*L. T. Moore, K. F. Prichard, for appellee.*